IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36592-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STEVEN BERNARD PALLETT, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Steven Pallett appeals a community custody condition, imposed in connection with his conviction for first degree rape. We affirm.

## BACKGROUND

A jury convicted Mr. Pallett of first degree rape after he forced a woman to perform a sex act at gunpoint. Both Mr. Pallett and the woman had been expecting to exchange sex for money, but Mr. Pallett refused to make payment.

At sentencing, Mr. Pallett received a minimum sentence of 168 months' confinement and a maximum of life. The court also imposed community custody. One of the community custody conditions required that Mr. Pallett "not engage in the business of

prostitution." Clerk's Papers at 410. Mr. Pallett did not object to the wording or relevance of this condition. He now appeals.

ANALYSIS

Mr. Pallett challenges his community custody condition prohibiting engaging in the business of prostitution. He makes two arguments: (1) the condition is not crime related and (2) it is unconstitutionally vague. Because Mr. Pallett did not object to the condition at the time of sentencing, our review is limited to the constitutional vagueness challenge. RAP 2.5(a); *State v. Peters*, 10 Wn. App. 2d 574, 581-82, 586-87, 455 P.3d 141 (2019).

A community custody condition is unconstitutionally vague if it is unreasonably imprecise or susceptible to arbitrary enforcement. *Peters*, 10 Wn. App. 2d at 586. "The doctrine of unconstitutional vagueness is concerned with inherently hazy or variable . . . terms." *State v. Evans*, 177 Wn.2d 186, 206, 298 P.3d 724 (2013). Community custody conditions must be sufficiently clear to inform a person of ordinary intelligence what he or she cannot do. *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 679, 425 P.3d 847 (2018).

Here, there is no impermissible ambiguity. The concept of illegal "prostitution" is defined with precision under Washington law. RCW 9A.88.030(1) ("A person is guilty of prostitution if such person engages or agrees or offers to engage in sexual conduct with

No. 36592-1-III
*State v. Pallett*

another person in return for a fee.").[1] In addition, the term "business" connotes a commercial activity engaged in over a period of time. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 302 (1993). Given these two definitions, the community custody condition broadly prohibits Mr. Pallett from participating in activities focused on exchanging money for sexual conduct. This would include promoting, soliciting or working as a prostitute. The condition withstands Mr. Pallett's vagueness challenge.

## CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____          _____
Siddoway, J.                      Fearing, J.

---

[1] "Sexual conduct" is defined as "sexual intercourse" or "sexual contact" as set forth by RCW 9A.44.010(1)-(2). RCW 9A.88.030(2).

3